## EUGENE MAYS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—250.]

**Criminal Law—Liquor Law Indictment.**

An indictment for a violation of the intoxicating liquor law is good when the facts constituting the offense are stated substantially in the language of the statute.

**Instruction.**

An instruction telling the jury that it should convict if it believed from the evidence that the defendant within one year before the return of the indictment sold to a named person any whisky, brandy, wine, gin or alcohol, or mixture thereof, without a written prescription given by a regular practicing physician, is not erroneous. It is more favorable to the defendant than the statute authorized and he can have no objection to it.

### APPEAL FROM GRAVES CIRCUIT COURT.

September 17, 1881.

OPINION BY JUDGE LEWIS:

Appellant was indicted, convicted and adjudged to pay a fine of sixty dollars for violating the provisions of Sess. Acts (1878), Ch. 218, entitled "An act to regulate the sale and giving away of spirituous, vinous or malt liquors in the city of Mayfield, Graves County, Kentucky, or within one mile of said city," approved February 19, 1878. His motion for a new trial having been overruled, he appeals to this court for reversal of the judgment.

The first error complained of is the action of the court in overruling the demurrer to the indictment. By the act the sale of spirituous, vinous or malt liquors, or the mixture of the same, in the city of Mayfield, or within one mile of the corporate limits thereof, to any person, is made unlawful, except in certain cases therein specified. The offense, as well as the facts constituting the offense, are distinctly and substantially, in the language of the statute, stated in the indictment, and the demurrer was properly overruled.

No error in refusing or giving instructions is perceived. By the first instruction the jury were told it was their duty to find appellant guilty if they believed he, within one year before the

finding of the indictment, sold to Haggard any whisky, brandy, wine, gin or alcohol, or mixture thereof, without a written prescription given by a regular practicing physician. So far from the instruction being prejudicial, it was more favorable to him than the statute authorized.

The second instruction given is in pursuance of and entirely consistent with the third section of the act. Counsel for appellant seem to misapprehend the evidence, as set forth in the bill of exceptions. There is no evidence that the liquor which he is charged with having sold to Haggard was a portion of a quart primarily purchased on a prescription by the physician. The evidence shows two distinct sales, the first on a prescription, the second without any. The instruction asked for by appellant was properly refused. The statute is violated when a sale is made without the prescription of a regular practicing physician, whether the purchaser be sick or well.

Wherefore the judgment of the court below is *affirmed.*

*Samuel H. Crossland, for appellant.*

*P. W. Hardin, for appellee.*